UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV121-3-MU

TIMOTHY STEVEN JONES,                )
                                     )
    Petitioner,                      )
                                     )
        v.                           )     **O R D E R**
                                     )
STATE OF NORTH CAROLINA              )
Correctional Inst.,                  )
                                     )
    Respondent.                      )
_____)

**THIS MATTER** comes before the Court on Petitioner Timothy Steven Jones' (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1), Respondent's Motion for Summary Judgment, (Document No. 3) and Petitioner's Reply to Respondent's Motion for Summary Judgment, (Document No. 5.) For the reasons stated herein, the instant Petition will be dismissed and Respondent's Motion for Summary Judgment granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on July 13, 2000, Petitioner was convicted after trial by jury of first-degree burglary, assault with a deadly weapon inflicting serious injury and first-degree kidnaping. Petitioner was sentenced to 108-139months, 55-75 moths and 105-135 months imprisonment. Subsequently, the trial judge entered an amended judgment sentencing Petitioner to 150 days imprisonment for assault with a deadly weapon. While his direct appeal was pending, Petitioner filed a motion for appropriate relief ("MAR") in the North Carolina

Court of Appeals on May 21, 2001. On June 6, 2001, the Court of Appeals dismissed the MAR without prejudice for appellate counsel to refile if he deemed it appropriate.[1] On December 18, 2001 the Court of Appeals issued an unpublished opinion finding no error. Petitioner dated a pro se certiorari petition January 4, 2002 and filed it in the Supreme Court of North Carolina on January 15, 2002. On March 6, 2002 the court denied certiorari by order witnessed March 8, 2002.

On December 9, 2002 Petitioner mailed an MAR to the Superior Court of Mecklenburg County.[2] On December 19, 2002, the Honorable Shirley L. Fulton summarily denied Petitioner's MAR. Petitioner then filed a certiorari petition in the North Carolina Court of Appeals on August 11, 2003[3] which was denied on September 2, 2003. Petition filed another certiorari petition on October 1, 2003 in the Supreme Court of North Carolina which was dismissed on December 4, 2003 by order witnesses December 8, 2003.[4]

---

[1] Petitioner was represented on appeal by Mr. Eric A. Bach.

[2] The MAR was dated October 24, 2002 but was not mailed until December 9, 2002. Petitioner admits in his subsequently filed certiorari petition to the North Carolina Court of Appeals that he mailed the MAR to the Superior Court of Mecklenburg County on December 9, 2002. This mailing date corresponds more accurately with Judge Fulton's Order of December 19, 2002, summarily denying the MAR. See also footnote 6.

[3] The certiorari petition is dated January 2, 2003, but has a file stamp pf August 11, 2003. In addition, the Court of Appeals' order of September 2, 2003 states that the certiorari petition was filed on August 11, 2003. See also footnote 6.

[4] This second certiorari is not authorized by North Carolina law and procedure as the North Carolina Court of Appeals has the final say over whether a certiorari petition will be allowed from the denial of a post-conviction MAR in a non-capital case. See N.C.G.S. §7A-28(a) ("Decisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ or otherwise.". See also, N.C.R. of App. P., Rule 21(e) (Court of Appeals has final say on whether certiorari will be granted from trial court's denial of MAR in

Petitioner then filed the instant federal habeas petition in this Court on March 15, 2004 in which he contends that (1) he was denied his Fifth, Sixth and Fourteenth Amendment rights of counsel and due process; (2) his Fourteenth Amendment rights were violated by his being impermissibly identified and (3) his Sixth and Fourteenth Amendment rights were violated by the D.A's use of his personal views to inflame the passion of the jury.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

cases in which death sentence has not been imposed).

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the record reflects that Petitioner's Habeas Petition is time-barred. That is, the record establishes that Petitioner's case became final on direct review on June 6, 2002 which is ninety (90) days after the Supreme Court of North Carolina denied certiorari. See United States Supreme Court Rule 13.1 (90 days to file certiorari petition to United States Supreme Court). Petitioner's one-year period of limitations under 28 U.S.C. § 2244(d)(1) then ran for 185 days until he filed his MAR in December 9, 2002. Petitioner's one-year period of limitations then remained tolled pursuant to 28 U.S.C. § 2244(d)(2) until the Court of Appeals denied certiorari on September 2, 2003. See <u>Hernandez v. Caldwell</u>, 225 F.3d 435 (4th Cir. 2000) ("gap" between denial of MAR and filing of certiorari to North Carolina Court of Appeals tolled). Petitioner's one-year period of limitations then resumed on September 2, 2003[5] and fully expired 180 days later on March 1, 2004 (February 29, 2004 fell on a Sunday). Petitioner did not file the

---

[5] Petitioner argues that the one-year limitations period should also be tolled from October 1, 2003, the date on which he filed a certiorari petition in the Supreme Court of North Carolina, until December 4, 2003, the date on which the court dismissed Petitioner's certiorari petition. However, Petitioner is incorrect. Petitioner's certiorari petition was not a properly filed petition because the Supreme Court of North Carolina lacked jurisdiction. Under North Carolina state law and procedure, the North Carolina Court of Appeals has the final say over whether a certiorari petition will be allowed from the denial of a post-conviction MAR in a non-capital case. See N.C.G.S. §7A-28(a) ("Decisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, verification, writ or otherwise.") See also, N.C.R. of App.P., Rule 21(e) (Court of Appeals has final say on whether certiorari will be granted from trial court's denial of MAR in cases in which death sentence has not been imposed).

instant federal habeas petitioner until March 15, 2004.[6] [7]

It is also quite apparent that the Petitioner, despite having been given an opportunity to do so, has failed to articulate a proper basis for tolling the applicable limitation period. Rather, the Petitioner, aware of this bar to his petition, as it was raised it the state's motion for summary judgment, argues that he "is a layman of law and filed a motion for discretionary review in the Supreme Court, thinking he was following the proper procedure to exhaust all State remedies." (Petitioner's "Response to the State's Answer to Petitioner's Habeas Corpus", Document No. 5.) Moreover, equitable tolling is not often granted. To be sure, the Fourth Circuit Court of Appeals has stated that such tolling is allowed only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d

---

[6] The Court notes that Petitioner's Petitioner is dated February 5, 2004, however all Petitioner's filings in this Court and the various North Carolina State courts in the post-conviction process are dated much earlier in time than when they are actually filed in the clerk's office. Petitioner clears up this confusion in his reply to the Government's Motion for Summary Judgment by explaining that he mails all of the paperwork to his home (presumably to his family) in order to meet the criteria of the Courts. Presumably them, his family mails or takes his filings to the appropriate court for filing.

[7] Respondent also noted that while Petitioner signed his Petition on February 5, 2004, it was not filed in this Court until March 15, 2004. Respondent requested a copy of the outgoing legal mail log from Avery Mitchell Correctional Institution from February 5, 2004, the date Petitioner signed his Petition, to March 15 2004, the date the Petition was actually filed in this Court. The log indicated that Petitioner had only mailed one item in the outgoing legal mail during this time period on February 16, 2004. The item mailed on February 16, 2004 was not to this Court, but addressed to the Clerk of Court, P.O. Box 31787, Charlotte, N.C., which may have been an attempt to mail an item to the Superior court. The fact that the instant Petition was not found on the log of outgoing legal mail is consistent with petitioner's explanation that he mailed his filings to his home for filing with the appropriate courts given the criteria of the various courts.

507, 511-13 (4th Cir. 2004). Petitioner's stated reasons for not filing his habeas petition within the one-year limitations period will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999). Therefore, the Petitioner's Writ of Habeas Corpus Petition must be dismissed as it is untimely.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** and Respondent's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**.

Signed: June 7, 2006

Graham C. Mullen
United States District Judge